UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JOHN-JOSEPH FORJONE, et al.,

                Plaintiffs,

                                                                       ORDER
                v.                                                       05-CV-6191A

MICHAEL O. LEAVITT, et al.,

                Defendants.
_____


        Plaintiffs John-Joseph Forjone and Samantha Marie Forjone commenced the instant action *pro se* on April 22, 2005, pursuant to 42 U.S.C. § 1983, claiming various violations of their constitutional rights by the defendants.  On May 23, 2005, plaintiffs filed a notice of removal regarding two cases currently pending in the state court.[1]  The first case appears to be a criminal misdemeanor action pending in the Town of Clarendon Justice Court (the "criminal case").  The second case appears to be a tax certiorari case pending in the New York State Supreme Court for the County of Orleans (the "tax certiorari case").  Counsel for the defendants Town of Clarendon, Paul R. Nicosia and Patricia Beadle have filed a letter asking that the Court order a summary remand of the two removed state cases.

        Preliminarily, the Court notes that plaintiffs should have removed these two cases separate and apart from the instant case, as well as separate and apart from

---

[1]     The notice was signed by John-Joseph Forjone only.

each other.  In any event, for the reasons stated below, the Court finds that these cases were improperly removed and must therefore be remanded.

Under 28 U.S.C. § 1446(c)(4), the district court must order summary remand of any removed criminal case if it clearly appears on the face of the notice, and any exhibits annexed thereto, that removal should not be permitted.  Here, the Court finds that summary remand of the criminal case is appropriate.  The notice of removal regarding the criminal case was untimely filed.  See 28 U.S.C. § 1446(c)(1) (stating that notice of removal must be filed no later than 30 days after arraignment in State court, or anytime before trial, whichever is earlier).  According to the notice of removal, plaintiffs first appearance in the criminal case was February 14, 2005, more than 30 days before the filing of the notice of removal.

In addition, plaintiffs have failed to allege any facts demonstrating that removal of this criminal case is appropriate.  See 28 U.S.C. § 1443.  Plaintiffs have failed to allege facts showing that they were denied a right arising under a federal law "providing for specific civil rights stated in terms of racial equality."  Johnson v. Mississippi, 421 U.S. 213, 219 (1975).  Nor have they alleged facts showing that they have been "denied or cannot enforce" such federal rights in the state court.  Id.

The Court further finds that the tax certiorari case should be remanded.  First, the tax certiorari case was commenced in the state court by the plaintiffs and therefore cannot be removed by them.  28 U.S.C. § 1446(a) (removal statute applies to state court defendants, not plaintiffs).  Second, plaintiffs' notice of removal was untimely filed.  See 28 U.S.C. § 1441(b) (stating that notice of removal must be filed within 30 days of service of process in state court action).  Though not specifically stated in the

notice, it is apparent that the tax certiorari case has been pending for significantly longer than 30 days. Finally, although not clear from the notice of removal, it would appear that the relief sought by the plaintiffs in this Court regarding the tax certiorari case would be barred by the Tax Injunction Act, 28 U.S.C. § 1341.

Accordingly, for the reasons stated, the Court hereby remands the criminal case and tax certiorari case to their respective state courts. Pursuant to 28 U.S.C. § 1447(c), the Court further orders that plaintiffs pay costs and any actual expenses, including attorneys' fees, incurred as a result of the removal. The Clerk of Court shall mail a certified copy of this Order to the clerks of the respective state courts.

IT IS SO ORDERED.

/s/ Richard J. Arcara

_____
HONORABLE RICHARD J. ARCARA
CHIEF JUDGE
UNITED STATES DISTRICT COURT

Dated: June   3   , 2005